UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CHRISTIAN JACKSON

                Plaintiff,

                                                                CIV. 16-CV-08780

                against-                                  **AMENDED COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER
ALBERT GARCIA (Shield 1331), SGT. JASON DIAZ,      **JURY TRIAL DEMANDED**
Tax No. 946682, and SGT. LUIS MARTINEZ, Tax
No. 944776,

                Defendants.
-------------------------------------------------------------------------X

      Plaintiff **CHRISTIAN JACKSON**, by his attorney, **THE LAW OFFICE OF KEVIN L. MOSLEY, P.C.**, for his complaint alleges, on information and belief, as follows:

### NATURE OF THE ACTION

      1. This is an action to recover money damages arising out of defendants' violation of plaintiffs rights under the Constitution and laws of the United States and the State of New York, as a result of the unconstitutional stop and frisk, false arrest, excessive force, conspiracy and failure to prevent by officers of the New York City Police Department (NYPD) from the 45th police precinct in the Bronx, New York.

### JURISDICTION AND VENUE

      2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

      3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

      4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

      5. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. §§ 1331 and

1334(3) & (4) as this action seeks to redress for violation of plaintiff's civil rights. Plaintiff further invoke the Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 (a) over any and all state law claims that are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. On January 20, 2016, within ninety days after the claims alleged in this complaint arose, a Notice of Claim verified by plaintiff was duly served on the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of plaintiffs Notice of Claim, and adjustment or payment of the claim has been neglected or refused by defendant City of New York. Plaintiff testified under oath at a General Municipal Law § 50-h hearing prior to the commencement of this action on October 27, 2016, satisfying all condition precedents provided by law.

8. This action is being commenced within one year and ninety days after the happening the events of which plaintiff's claims are based.

### PARTIES

9. Plaintiff Christian Jackson is a citizen of the United States and a resident of the State of New York.

10. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

11. Defendant City of New York operates the NYPD, a department or agency of

defendant City of New York responsible for the appointment, training, supervision, and discipline of police officers.

12. At all times relevant herein, defendants POLICE OFFICER ALBERT GARCIA, shield 1331) SGT. JASON DIAZ, Tax No. 946682, and SGT. LUIS MARTINEZ, Tax No. 944776 were and are employees of the NYPD, assigned to the 45th precinct in the Bronx.

13. At all times relevant herein, defendant officers were acting as agents, servants and employees of defendant City of New York.

14. At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

15. On January 20, 2016, at approximately 9:52 P.M., on the southeast corner of Parker Street and Castle Hill Avenue, Bronx, New York plaintiff Christian Jackson was unconstitutionally stopped and frisked by members of the New York City Police department. Immediately thereafter plaintiff was viciously brutalized by defendant New York City Police Officers and subjected to an unlawful arrest and imprisonment.

16. At the aforesaid time and place the defendant officers, with absolutely no basis, reasonable suspicion or probable cause wrongly accused plaintiff of committing a crime, to wit, criminal possession of a gun. At no time during the occurrence did plaintiff possess a gun or otherwise engaged in any apparent illegal or unlawful conduct. Defendant police officers' supposition that plaintiff was involved in any criminal act preceding his arrest was predicated upon unconstitutional racial profiling of plaintiff, an African American male, and an unlawful impermissible hunch.  Moreover, defendants conspired to violate plaintiff's constitutional

rights because plaintiff is an African American male.

17. Despite having no evidence and/or no basis to suspect plaintiff of engaging in a criminal act defendants nonetheless set upon plaintiff. At the aforesaid time and place the defendant officers, without provocation, cause or need, knocked plaintiff to the ground and pummeled plaintiff about the body causing substantial pain and injury. Additionally, the defendant officers tasered plaintiff on his legs and torso causing further substantial pain and injury.

18. Defendant officers placed plaintiff in handcuffs and continued to subject plaintiff to an unlawful assault and battery. At no time during the assault of the plaintiff did the plaintiff resist arrest or otherwise constituted a threat to the defendant officers, himself or members of the public. Defendant officers engaged in the aforesaid conduct without probable or just cause.

19. Defendants wrongfully accused plaintiff of possessing a gun even though they knew that allegation to be false.

20. After the vicious assault plaintiff was removed from the scene via ambulance and taken to Jacobi Medical Center where he was treated for his injuries as he laid handcuffed on a gurney. After discharge from the hospital plaintiff was speciously charged with Resisting Arrest, Unlawful Possession of Marijuana and Disorderly Conduct by the defendant officers.

21. Defendant officers failed to prevent the aforesaid unconstitutional and impermissible conduct engaged in even though there was and is a statutory duty to do so. All of the aforesaid charges were dismissed when plaintiff appeared before the court during arraignment.

### FIRST CLAIM FOR RELIEF

22. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-21.

23. Defendants, by subjecting plaintiff to unconstitutional stop and frisk, unlawful arrest and imprisonment and using grossly unnecessary and excessive force upon plaintiff, violated plaintiffs rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I, § § 5, 6, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

24. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23.

25. The acts complained of by plaintiff herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise and discipline its police officers.

26. The failure of the City of New York and the NYPD to properly to select, train, supervise and discipline its police officers constitutes gross and deliberate indifference to brutal and unconstitutional conduct by its police officers.

27. The official policies, practices and customs of the City of New York and the NYPD alleged violated plaintiffs rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments t o the Constitution of the United States, and Article I, § § 5, 6, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27.

29. Defendant officers had a duty to prevent the unconstitutional and conspiratorial actions of the defendant police officers herein.

30. Defendant officers had knowledge that the wrongs conspired to be done, under section 42 U.S.C. 1985, or about to be committed, and having had the power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

31. Defendant officers are liable to the plaintiff for all damages caused by their wrongful acts, which by reasonable diligence could have prevented.

## FOURTH CLAIM FOR RELIEF

32. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-31.

33. The conduct toward plaintiff alleged herein constituted, false arrest and imprisonment, aggravated assault and battery, assault, battery and the intentional, willful and malicious infliction of severe physical, mental and emotional distress and that defendants are liable to plaintiff pursuant to State Law claims as per and 28 U.S.C. §1367.

34. The conduct toward plaintiff alleged herein subjected plaintiff to severe pain and suffering, trauma, debasement, fright, fear, humiliation, and embarrassment.

## FIFTH CLAIM FOR RELIEF

35. Plaintiff repeats and re-alleges allegations contained in ¶ 1-34.

35. At all times relevant herein, defendant officers were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 5, 6, 11 and 12 of the Constitution of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHRISTIAN JACKSON respectfully requests judgment against defendants as follows:

(a) Compensatory damages against defendants, jointly and severally;

(b) Punitive damages against defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief, including injunctive and declaratory relief as this Court deems just and proper.

Dated: New York, New York
       February 3, 2017

_Kevin L. Mosley_
By Kevin L. Mosley, Esq.

LAW OFFICE OF KEVIN L. MOSLEY P.C
30 VESEY STREET, 4TH FLOOR
NEW YORK, NEW YORK 10007
(212) 631-7000 (TELEPHONE)
(646) 304-2007 (FAX)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTIAN JACKSON

                Plaintiff,


                -against-

THE CITY OF NEW YORK, POLICE OFFICER
ALBERT GARCIA (Shield 1331), SGT. JASON DIAZ,    **JURY TRIAL DEMANDED**
Tax No. 946682, and SGT. LUIS MARTINEZ, Tax
No. 944776,
  ,

                Defendants.
------------------------------------------------------------------------X

---

**AMENDED SUMMONS AND AMENDED COMPLAINT**

---

**LAW OFFICE OF KEVIN MOSLEY P.C**
**30 VESEY STREET, 4TH FLOOR**
**NEW YORK, NEW YORK 10007**
**(212) 631-7000 (TELEPHONE)**
**(646) 304-2007 (FAX)**
**Kevin.mosley@verizon.net**